**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

KELVIN MOSES                    :        DOCKET NO. 15-cv-2765
    D.O.C. # 60026

VERSUS                          :        JUDGE MINALDI

GEO ET AL.                      :        MAGISTRATE JUDGE KAY

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint filed *in forma pauperis* by *pro se* plaintiff Kelvin Moses ("Moses"). Moses is an inmate in the custody of Louisiana's Department of Public Safety and Corrections and is incarcerated at Allen Correctional Center ("ALC") in Kinder, Louisiana. Moses names an unnamed defendant and GEO Group ("GEO") as his defendants herein. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

## I.
### BACKGROUND

On September 25, 2015, Moses visited ALC's infirmary for a medical call out. Doc. 7, att. 1, p. 2. In the grievance filed on this matter, Moses states that his stomach was upset and, when he went to the infirmary restroom, there was no toilet paper. *Id.* He asked to go back to his tier in order to use the restroom and was told that he first had to fill out a refusal form for his KOP[1] or he would be written up for a rule violation. *Id.* at 2, 5. Moses completed the refusal and states that he

---

[1] KOP, or "keep on person," is a form of medication administration in the prison system that allows the inmate to keep the medication on his person.

went back to his tier to use the bathroom. *Id.* at 2. Upon his return to the infirmary, Moses was told

he could no longer participate in the KOP program. *Id.* The response to the grievance states the

following:

> Nurse practitioner states that the offender came to the infirmary for KOP
> signed in and decided he wasn't going to wait his turn; offender signed a
> refusal and returned to his dorm. Offender was later called back to the
> infirmary and informed that he was no longer enrolled in the KOP program
> and would now be placed on pill call for his medication. Offender was
> discontinued from the programs for not following the rules.

*Id.* at 4.

Moses states that he "followed all rules and procedures to the letter." Doc. 1, p. 3. He also

claims that he was denied his right to use the restroom at the infirmary and that the lack of tissue

and soap there was unsanitary and unconstitutional. *Id.* As relief he asks to be compensated for

endangerment of his health, stress, and defamation of his character. Doc. 7, p. 4.

## II.
### LAW AND ANALYSIS

### A.  *Frivolity Review*

Moses has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. This

act directs a district court to dismiss an action if the court determines that it is frivolous or malicious

or fails to state a claim on which relief may be granted. *Bradley v. Puckett*, 157 F.3d 1022, 1025

(5th Cir. 1998) (citing 28 U.S.C. § 1915(e)(2)(B)(i) and (ii)).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157

F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be

granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would

entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When

determining whether a complaint is frivolous or fails to state a claim upon which relief may be

granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B.   *42 U.S.C. § 1983*

Federal law provides a cause of action against any person who, under the color of law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus the initial question is whether the plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim that would entitle plaintiff to relief. In order to hold the defendants liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law; that is, that the defendant was a state actor. *West v. Atkins*, 108 S.Ct. 2250, 2254–55 (1988).

### C.   *Unsanitary Practices*

Moses alleges that there are unsanitary conditions in ALC's infirmary bathroom, including lack of toilet paper. "The Constitution does not mandate comfortable prisons . . . but neither does it permit inhumane ones . . . ." *Farmer v. Brennan*, 114 S.Ct. 1970, 1976 (1994) (internal quotations omitted). "To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman*, 101 S.Ct. 2392, 2399 (1981). As such, a plaintiff must establish that the conditions of confinement violate the Eighth Amendment's ban on cruel and unusual punishment.

Eighth Amendment violations embody both a subjective and an objective component. The objective requirement necessitates that the inmate allege a sufficiently serious deprivation. *Wilson v. Seiter*, 111 S.Ct. 2321, 2324 (1991). "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment

violation." *Id.* (quoting *Rhodes*, 101 S.Ct. at 2399). While no precise definition determines what type of deprivations are construed as ones which deny an inmate the "minimal civilized measures of life necessities," the Supreme Court has held that such things as food, warmth, exercise and safety fall in into this category, as well as adequate medical care, and protection from physical abuse by other inmates. *Id.* at 2327.

The subjective component requires that a prison official act with a sufficiently culpable state of mind. *Farmer*, 114 S.Ct. at 1977. A prison official's culpability is measured by deliberate indifference, which is defined as knowing and disregarding an excessive risk to inmate health or safety. *Id.* at 1977–78. Deliberate indifference encompasses only the unnecessary and wanton infliction of pain repugnant to the conscience of mankind; thus, the test is "[s]ubjective recklessness" as used in the criminal law. *Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997). Accordingly, negligence and even gross negligence do not implicate the Constitution and thus do not provide a basis for a § 1983 claim. *Farmer*, 114 S.Ct. at 1978.

In the present case Moses does not allege that he was denied anything close to the minimal civilized measure of life's necessities.  Moses complaints that one bathroom was insufficiently supplied but does not complain about the other bathroom to which he had access. Furthermore, he fails to allege that he sustained any physical injury as a result of the complained of conditions.

Prisoners are barred from recovering monetary damages for mental or emotional injuries "unless there is a prior showing of physical injury." *Crawford-el v. Britton*, 118 S.Ct. 1584, 1596 (1998). The physical injury must be more than *de minimis* but need not be significant. *Siglar v. Hightower*, 112 F.3d 191, 193–94 (5th Cir. 1997). Moses states no facts that would satisfy the threshold requirements for an Eighth Amendment violation and his claims should be dismissed.

### D.  Defamation

Moses seeks to state a § 1983 claim for defamation. However, it is well established that there is no constitutional right to be free from slander or defamation. *Paul v. Davis*, 96 S.Ct. 1155, 1166 (1976). Thus libel and slander are not cognizable under 42 U.S.C. § 1983, because a defamation claim does not involve the deprivation of any rights, privileges or immunities which are secured by the Constitution or laws of the United States. *Cook v. Houston Post*, 616 F.2d 791, 794 (5th Cir. 1980). Accordingly, relief cannot be granted for this claim and it should be dismissed.

### E.  Supervisory Liability

It is clear that GEO is named in its supervisory capacity, and well settled that supervisory officials may not be held liable under § 1983 under the doctrine of *respondeat superior*. *See Mouille v. City of Live Oak*, 977 F.2d 924 (5th Cir. 1992). To be liable under § 1983 a supervisory official must be personally involved in the act causing the alleged constitutional deprivation, or must have implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights. *Cronn v. Buffington*, 150 F.3d 538, 544 (5th Cir. 1998). Moses has named GEO as a defendant but has not alleged personal involvement or that it implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights. Therefore the claims against GEO should be dismissed.

### F.  State Law Claims

Moses vaguely asserts violations of Louisiana law. Doc. 1, p. 3. A federal district court has supplemental jurisdiction over state law claims that are so related to the federal claims that they form part of the same case or controversy. 28 U.S.C. § 1367(a). However, the court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original

jurisdiction. 28 U.S.C. § 1367(c)(3). Because the court has recommended dismissal of Moses's § 1983 claims, it will not exercise supplemental jurisdiction over any state law claims he asserts.

### III.
#### CONCLUSION

For reasons stated,

**IT IS RECOMMENDED** that Moses's civil rights complaint **be DENIED AND DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief can be granted in accordance with 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 27th day of April, 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE